IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Christopher Nowlin, | ) | Civil Action No.: 4:07-cv-03676-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Pee Dee Mental Health Center, | ) | |
| South Carolina Department of Mental | ) | |
| Health, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Christopher Nowlin, brought this suit against Defendant, his former employer, alleging racial harassment, race discrimination, retaliation, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. Plaintiff originally filed this action in the Florence County Court of Common Pleas on October 1, 2007. Defendant removed the action to this court and filed its answer on November 9, 2007. On June 15, 2009, Defendant filed its [Docket Entry 32] Motion for Summary Judgment, to which Plaintiff timely filed his opposition on July 13, 2009.

This matter is now before the court with the [Docket Entry 40] Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III[1] filed on January 28, 2010.[2] In his Report, Magistrate Judge Rogers recommended that the court should grant Defendant's motion for summary judgment as to Plaintiff's racially hostile work environment

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule 73.02(B)(2)(g), D.S.C.

[2] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." In this case, the court finds that the issues have been adequately briefed by both parties and that a hearing is not necessary.

claim and race discrimination claim, but should deny summary judgment as to Plaintiff's retaliatory harassment/retaliation/constructive discharge claim. Plaintiff timely filed objections to the Report on February 16, 2010. Defendant did not file any objections.

**Facts**

The facts of this case were completely and accurately set forth in the Magistrate Judge's Report and Recommendation, which this Order adopts and incorporates by reference. Moreover, neither party objected to the Magistrate Judge's recitation of the facts in his Report, and therefore this court need not repeat the facts herein.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

I.  Racial Harassment

Plaintiff essentially argues that he was subjected to a racially hostile work environment. To prove a hostile work environment, Plaintiff must show that (1) he was harassed because of his race, (2) the harassment was unwelcome, (3) the harassment was sufficiently severe or pervasive to create an abusive working environment, and (4) some basis exists for imputing liability to the employer. *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183-84 (4th Cir. 2001). The Magistrate Judge recommended that summary judgment should be granted as to this claim, finding that Plaintiff failed to present evidence sufficient to show that the harassment was "severe or pervasive." *Id.* at 184. Plaintiff objects to this finding.

First, Plaintiff argues in his objections that an employer is guilty of racial harassment where it has condoned or failed to address and relieve a racially hostile work environment. However, this argument is flawed. Although Plaintiff may be correct in his statement of the law, Plaintiff has failed to establish the existence of a hostile work environment in this case. Therefore, there can be no evidence of Defendant condoning such an environment, because Plaintiff has failed to set forth evidence sufficient to support its existence. Second, Plaintiff argues that more than just the two specific instances complained of by Plaintiff exist and together they establish a hostile work environment claim. However, Plaintiff fails to set forth any evidence other than those two instances and such a conclusory assertion is insufficient to overcome summary judgment. *See Smith v. Va. Commonwealth Univ.*, 84 F.3d 672, 687 n.7 (4th Cir. 1996) ("It is, of course, black letter law that conclusory or speculative assertions do not create genuine issues of material fact."). Finally, the court finds that the remainder of Plaintiff's

3

objection is non-specific and conclusory.[3] After reviewing the record as to the rest of this claim, the court finds no clear error and adopts the recommendation of the Magistrate Judge. *Diamond*, 416 F.3d at 315; *see also Orpiano*, 687 F.2d at 47. Accordingly, summary judgment should be granted because Plaintiff failed to meet the third prong–"severe or pervasive"–required to establish a hostile work environment.

II.     Racial Discrimination

The Magistrate Judge recommended that summary judgment should be granted as to Plaintiff's racial discrimination claim. Plaintiff objects to this finding. Plaintiff may prove a Title VII discrimination claim against Defendant with direct evidence of racial discrimination or by using circumstantial evidence and the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to create an inference of discrimination. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284-86 (4th Cir. 2004). However, "[r]egardless of the route a plaintiff follows in proving a Title VII action . . . the existence of some adverse employment action is required." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004).

---

[3]     For example, Plaintiff states in his objections:

> Hostile work environment or racial harassment requires 4 elements that must be met. The Plaintiff has shown that he was harassed because of his race, the harassment was unwelcome, harassment was severe and pervasive, and the liability can be basically imputed to the Defendant.

Obj. [Docket Entry 41] at 3.

The Magistrate Judge analyzed the facts under the *McDonnell Douglas* burden-shifting framework and found that Plaintiff failed to establish a *prima facie* case of discrimination.[4] Report [Docket Entry 40] at 12-14. The parties are in agreement that Plaintiff falls within a protected class and his performance met his employer's expectations. However, Defendant argues, and the Magistrate Judge so found, that Plaintiff did not suffer an adverse employment action. This court agrees. Based on *Boone v. Goldin*, 178 F.3d 253, 256 (4th Cir. 1999), the Magistrate Judge found that nowhere in the record does Plaintiff point to evidence that "his reassignment to the Clinical Day Program resulted in any decrease in compensation, job title, level of responsibility, opportunity for promotion or that the reassignment had any other significant detrimental effect," and therefore the reassignment was not an adverse employment action. Report [Docket Entry 40] at 13. Plaintiff argues in his objections that "[a] material change in working conditions can be perceived as an adverse employment action[,] a change in pay or benefits is only a factor." However, upon review, the court finds that Plaintiff has still failed to set forth any evidence that the reassignment had any "significant detrimental effect" or materially altered his working conditions. And, "[t]he mere fact that a new job assignment is less appealing to the employee . . . does not constitute adverse employment action." *Booz-Allen*, 368 F.3d at 376. Therefore, Plaintiff has failed to establish a *prima facie* case of discrimination.

Although Plaintiff did not assert any direct evidence of discrimination in his response in opposition of summary judgment, he argues now in his objections that he has such direct

---

[4] To establish a *prima facie* case of discrimination, a plaintiff must show that (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) at the time of the adverse employment action he was performing up to his employer's expectations, and (4) the adverse employment action occurred under circumstances which give rise to an inference of discrimination. *Carter v. Ball*, 33 F.3d 450, 458 (1994).

5

evidence. However, other than this conclusory statement,[5] Plaintiff fails to set forth the alleged direct evidence. Moreover, even if Plaintiff attempts to use direct evidence to prove his discrimination claim, he still has failed to make the required showing that he suffered an adverse employment action. *See Booz-Allen*, 368 F.3d at 375. Accordingly, summary judgment is appropriate as to Plaintiff's racial discrimination claim.

III.	Retaliatory Harassment/Retaliation/Constructive Discharge

The Magistrate Judge recommended that the court should deny Defendant's motion for summary judgment as to these claims, finding that genuine issues of material fact still exist. Defendant failed to object to this finding. The court has reviewed the face of the record for clear error, and finds none. *See Diamond*, 416 F.3d at 315. The court therefore adopts this recommendation of the Magistrate Judge as its own.

**Conclusion**

The court has thoroughly reviewed the Report, objections, memoranda, and applicable law. For the reasons stated above and by the Magistrate Judge, the court overrules all of Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Defendant's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. Defendant's Motion is **GRANTED** as to Plaintiff's claims for racial harassment and racial discrimination. Those claims are hereby **DISMISSED** *with prejudice*.

---

[5]	Plaintiff simply states that he "has presented direct evidence of race discrimination." Obj. [Docket Entry 41] at 2. Additionally, Plaintiff states, "Under the direct evidence burden it is clear that the Plaintiff was subjected to discrimination based on the overall environment." *Id.* at 3. Such conclusory statements and allegations are not sufficient overcome summary judgment. *See Va. Commonwealth Univ.*, 84 F.3d at 687 n.7 ("It is, of course, black letter law that conclusory or speculative assertions do not create genuine issues of material fact.").

Defendant's Motion is **DENIED** as to Plaintiff's claim for retaliatory harassment/retaliation/constructive discharge.

**IT IS SO ORDERED.**

                                                   s/R. Bryan Harwell
                                                   R. Bryan Harwell
                                                   United States District Judge

March 16, 2010
Florence, South Carolina